CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 31, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEMETRIUS WALLACE,<br>  Plaintiff, | )<br>) Civil Action No. 7:24-cv-00194<br>) |
| v. | )<br>) By: Elizabeth K. Dillon |
| CHADWICK S. DOTSON, *et al.*,<br>  Defendants. | )   Chief United States District Judge<br>) |

## MEMORANDUM OPINION

Demetrius Wallace, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Wallace complains of an incident at Red Onion on November 25, 2023, wherein he complained to B. Dotson and Milgrim about problems with his sink and toilet. He was met with degrading comments and aggressive behavior. He asserts that Milgrim handcuffed him too tightly, grabbed his arm causing pain, and placed him in "the hole," *i.e.*, segregation. Sgt. Smith, along with unnamed others, placed him in the hole, and Sgt. Smith maced him. Following the macing, the unnamed officers slammed him onto the concrete floor and placed their knees on his back and neck, causing pain. Then, Lt. Massingill[1] responded with other unknown officers who told him to stand. Once standing, Wallace asked that his leg shackles be loosened. He was then assaulted "by all of them" and thrown in a segregation cell. He sought medical attention from everyone he saw who passed by his cell, but he received none.

Liberally construed, Wallace's complaint alleges the following claims: 1) Eighth Amendment claim for excessive force; 2) Eighth Amendment claim for deliberate indifference to medical needs; 3) Eighth Amendment claim for failure to protect;[2] 4) tort claims for assault and

---

[1] Defendant Massingill notes the misspelling of his name in the complaint as "Massingale". The clerk will be directed to correct this misspelling.

[2] The failure to protect claim alleges a failure to protect Wallace not from violence by other inmates but from the use of excessive force by other officers. Thus, it is effectively a bystander liability claim.

battery; and 5) Fourteenth Amendment due process claim for placement in segregation.

Defendants Chadwick S. Dotson, Gregory Holloway, Rick White, Johnny Hall, and Bradley Dotson filed a motion to dismiss all claims against them, and defendants Joshua Massingill, Terry Smith, and Jordan Milgrim filed a partial motion to dismiss. (Dkt. No. 16.) The court issued a *Roseboro*[3] notice on August 26, 2024 (Dkt. No. 20). The order explained that if plaintiff did not respond to the motion to dismiss in a timely manner, the court would assume either that plaintiff lost interest in the case or that plaintiff agrees with what defendants state in their pleadings, and the case could be dismissed for failure to prosecute.

The time to respond has passed, and Wallace did not respond to defendants' motion to dismiss and partial motion to dismiss. Wallace has responded to other inquiries from the court since that time, so the court can only assume that he agrees with the position set forth by defendants in their motion to dismiss.

For the reasons stated in defendants' motion, the unopposed motion will be granted. Because the motion to dismiss was a full motion to dismiss as to only some of the defendants and a partial motion to dismiss other defendants, the case will not be dismissed entirely. Instead, only the claims identified in the motion to dismiss will be dismissed.

## I. DEFENDANTS' UNOPPOSED MOTION TO DISMISS AND PARTIAL MOTION TO DISMISS

As noted above, Wallace did not respond to the motion to dismiss and partial motion to dismiss, so the court interprets his failure to respond as an acknowledgement that he agrees with defendants' arguments. The court thus credits those arguments and states the reasons for dismissal briefly.

As to defendants Chadwick S. Dotson, Gregory Holloway, Rick White, and Johnny Hall,

---

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

the complaint contains no allegations of wrongdoing or personal involvement as to them. Moreover, to the extent these defendants are supervisors, there are no allegations sufficient to state a claim for supervisory liability. Thus, all claims against them will be dismissed.

The court will also dismiss the Eighth Amendment deliberate indifference to medical needs claim as to all defendants because the complaint fails to allege the personal involvement of any defendants as to this claim. Rather, the complaint just alleges that Wallace asked every employee he encountered for medical assistance and that he wrote to the unnamed medical administrator for assistance.

As to defendant B. Dotson, all claims against him also will be dismissed. The complaint alleges that B. Dotson made derogatory and hostile statements, but it does not allege that B. Dotson used—or threatened—physical force against Wallace. For these reasons, the excessive force, assault, and battery claims against B. Dotson fail to state a claim. The court will also dismiss the failure to protect/bystander liability claim against B. Dotson. The only use of force during which B. Dotson is alleged to have been present was when Milgrim was handcuffing Wallace. Even assuming Milgrim used excessive force during that moment, there are no facts to suggest that Dotson was aware of the risk and disregarded it by failing to take preventative measures.

Similarly, although Wallace alleges that Milgrim himself used excessive force in handcuffing him, he does not suggest that Milgrim was present during any of the other alleged uses of force. Any failure to protect/bystander liability claims against Milgrim also will be dismissed.

Plaintiff's Fourteenth Amendment due process claim fails because he has not identified a protected liberty interest in release from short-term solitary confinement. Notably, he does not allege anything about the conditions in confinement (other than that unidentified persons refused

3

him medical care), does not allege that he remained in segregation for any particular length of time, and does not allege that segregation collaterally impacted his sentence. In the absence of a protected liberty interest, his Fourteenth Amendment claim fails.

Lastly, for the reasons discussed in the unopposed motion to dismiss, the court will dismiss Wallace's requests for declaratory judgment, injunctive relief, and any monetary damages against defendants in their official capacities.

## II. IDENTIFICATION OF JOHN AND JANE DOES

Plaintiff was ordered to respond with sufficient information to identify defendants John Does 1–10 and Jane Doe. (Dkt. No. 21.) Plaintiff responded (Dkt. No. 22), the court ordered defendants to respond "indicating whether any of the anonymous defendants can be identified based on the information provided by plaintiff" (Dkt. No. 23), and defendants responded that they cannot identify John Does 1–10, but were able to identify two Jane Does: Nurse L. Jenkins and S. Hibbits.[4] By separate order, the court has directed the substitution of Jenkins and Hibbits for the Jane Does and has directed Wallace to provide additional information that may allow defendants to identify the John Does. (Dkt. No. 25.)

## III. CONCLUSION

The court will enter a separate order consistent with the above rulings.

Entered: March 31, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge

---

[4] Plaintiff's submission at Dkt. No. 22 refers to two nurses who are Jane Does.